**Louis B. ECKELKAMP, Plaintiff-Appellant,**

v.

**The DIAMONDS, INCORPORATED, and the Estate of Spencer Irwin Groff, Deceased, Thomas W. Nelson, Executive Secretary of the Missouri Baptist Foundation, Executor, Defendants,**

**Thomas W. Nelson, Executive Secretary of the Missouri Baptist Foundation, Executor, Defendant-Respondent.**

No. 33080.

St. Louis Court of Appeals.

Missouri.

Sept. 17, 1968.

Jenny & Cole, Union, Cox & Moffitt, St. Louis, for plaintiff-appellant.

Kay & Quigley, Eldon, for defendant-respondent.

WOLFE, Judge.

This is an attempted action against a corporation called The Diamonds, Incorporated. Joined as defendant is Thomas W. Nelson, described as Executive Secretary of Missouri Baptist Foundation, Executor of the Estate of Irwin Groff, Deceased. A motion to dismiss the second amended petition for failure to state a cause of action was sustained and the plaintiff prosecutes this appeal.

The petition first alleges that the defendant The Diamonds, Inc., was a duly organized and acting corporation under the laws of the State of Missouri. It alleges that Groff was the president and treasurer of the corporation and a majority stockholder and that the plaintiff and a person named Key were minority stockholders. It states that plaintiff paid to Groff, treasurer of defendant corporation, $12,000 a year for many years. It is asserted that Groff withdrew money from the corporation without the consent of the shareholders and mingled the money with his personal funds.

It alleges that Groff died and that the charter of the corporation was forfeited by reason of failure to file a franchise tax report. It is asserted that all of Groff's assets are in the hands of his executor,

Thomas W. Nelson, and that some of this property belongs to The Diamonds, Inc. The plaintiff alleges that an accounting would be for the benefit of all of the stockholders. He alleges that he has made demand on all stockholders and directors and that the names of the last directors are unknown to him. He concludes by a prayer for an accounting.

As stated, the trial court dismissed the petition on motion for reason that it did not state a cause of action. The appellant, of course, here contends that the court erred in so doing. In support of his contention he cites us to several cases relating to suits by stockholders and among them are two cases by this court: Saigh ex rel. Anheuser-Busch, Inc. v. Busch, Mo. App., 396 S.W.2d 9; and Schick v. Riemer, Mo.App., 263 S.W.2d 51. The Saigh case deals with the right of stockholders under certain circumstances to bring a derivative action on behalf of the corporation. It exhaustively covers the requirements necessary in both the pleadings and proof to state and sustain such an action. It does not, and neither do other cases cited, in any way support the plaintiff's contention that he has stated a cause of action. The plaintiff does not attempt to assert a derivative action on behalf of the corporation but names the corporation as a defendant.

In the case of Schick v. Riemer, supra, we had a similar situation before us. The minority stockholders sued in their own behalf to recover some sums alleged to have been paid wrongfully to two majority stockholders. We pointed out there, as we must here, that the plaintiff does not purport to bring the action on behalf of the corporation. If any money was wrongfully taken from the corporation coffers it belonged to the corporation and not to the plaintiff. We held in the Schick case and we must hold here the plaintiff asserts a "claim for relief unknown to the law." We held then and we hold here that the plaintiff failed to state a cause of action.

For the above reasons we affirm the judgment of the circuit court.

ANDERSON, P. J., and Jack A. POWELL, Special Judge, concur.

RUDDY, J., not participating.